11 So.2d 774

## WHISENANT v. STATE.

### 8 Div. 174.

Court of Appeals of Alabama.

Feb. 2, 1943.

Henry D. Jones, of Moulton, for appellant.

Wm. N. McQueen, Atty. Gen., and Randolph G. Lurie, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The first count of the indictment charged the defendant (appellant) with the offense of distilling, making or manufacturing alcoholic, spirituous, malted or mixed liquors or beverages, a part of which was alcohol, contrary to law, etc.

The trial resulted in the conviction of appellant, under said count of the indictment above quoted. He was duly and legally adjudged guilty in accordance with the verdict of the jury, and was sentenced by the court to imprisonment in the penitentiary for a period of two years.

The indictment was proper in form and substance, and the judgment of conviction pronounced and entered was regular in all respects. This appeal is from said judgment.

The evidence, adduced upon the trial in the court below, was in conflict, and presented a jury question. Thus, the

[1] Ante, p. 19.

court properly ruled that the charges refused to defendant, three in number, were not in point as said charges sought a directed verdict for the defendant. No error prevailed in the action of the court in refusing to give these charges. The action of the court in this connection is made the sole basis of error for a reversal of the judgment of conviction.

The State's testimony tended to show that the sheriff and his deputy located the still in question in an isolated cove in the mountain, and secreted themselves nearby for nearly an hour. The testimony of these officers made out a complete case against the defendant. They saw the still in full operation, and, as stated, "it was going in high," with whiskey running therefrom, and two five-gallon cans full of whiskey were found at the still. They testified to facts that tended to show this appellant was actively engaged in the operation of the still. Saw him placing wood upon the fire in the furnace, and dipping water from a spring and pouring it on the condenser, etc.

The defendant admitted his presence at the still. He was arrested then and there by the officers. Defendant denied that he was operating the still as testified to by the State witnesses, and insisted he was on his way home, some one and a half miles distant across the mountain and happened up on the still. That he did not own the still and was in no manner connected therewith. He denied the statement of the officers that they had lain hidden for about an hour watching him operate the still.

No motion for a new trial was made. No reversible, or other error appears, and the record is regular.

Affirmed.